IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,716






EX PARTE ERNEST LOPEZ II, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 44,365-B IN THE 181ST DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
aggravated sexual assault of a child and was sentenced to sixty years' imprisonment. The
Seventh Court of Appeals affirmed the conviction in an unpublished opinion. Lopez v. State,
No. 07-03-0251-CR (Tex. App. - Amarillo del. Aug. 9, 2005). There was no PDR.


 In his application for a writ of habeas corpus, Applicant contends, inter alia, that his
trial counsel provided ineffective assistance for failing to call medical experts at the guilt or
innocence stage of the trial to counter the testimony of the State's medical experts that the
physical evidence was indicative of sexual assault. Had trial counsel done so, Applicant
argues there was a reasonable probability the jury would not have convicted him. The trial
court has determined that trial counsel was deficient as alleged and that the deficient
representation prejudiced Applicant. It recommends granting relief on this claim, and the
recommendation is supported by the record provided to this Court. Relief is therefore
granted.

 The judgement in Cause No. 44,365-B in the 181st Judicial District Court of Potter
County is set aside, and Applicant is remanded to the custody of the sheriff of Potter County
to answer the indictment. The trial court shall issue any necessary bench warrant within 10
days after the mandate of this Court issues.


Delivered: January 25, 2012

Do Not Publish